1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  In Re The Matter of:                    CASE NO. CV 12-344 GAF (JEM)

11  BRETTA POLLARA,

12              Plaintiff,                   [PROPOSED] STIPULATED
                                            PROTECTIVE ORDER
13
        v.
14
    RADIANT LOGISTICS, INC., a
15  Delaware Corporation, DOES 1 through
    10, inclusive,
16
17              Defendants.
    _____
18  RADIANT LOGISTICS, INC., a
    Delaware Corporation,
19
20              Counterclaimant
        v.
21  BRETTA SANTINI POLLARA, an              Complaint Filed: 12/15/11
    individual, SANTINI PRODUCTIONS, a      Counterclaim Filed: 1/23/12
22  Nevada Corporation, DANIEL              FSC: none scheduled
    REFFNER, an individual, MARTHA          Trial: none scheduled
23  BRENNAN, an individual and
    OCEANAIR, INC., a Massachusetts
24  Corporation, and DOES 1 through 10,
    inclusive,
25
              Counterdefendants.
26
27
28
                              - 1 -

1    1.    <u>PURPOSES AND LIMITATIONS</u>

2    Disclosure and discovery activity in this action are likely to involve

3    production of confidential, proprietary, or private information for which special

4    protection from public disclosure and from use for any purpose other than this

5    litigation may be warranted. Accordingly, the parties hereby stipulate to and petition

6    the court to enter the following Stipulated Protective Order. The parties acknowledge

7    that this Order does not confer blanket protections on all disclosures or responses to

8    discovery and that the protection it affords from public disclosure and use extends

9    only to the limited information or items that are entitled to confidential treatment

10   under the applicable legal principles and as set forth herein.

11   2.    <u>DEFINITIONS</u>

12   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation

13   of information or items under this Order.

14   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

15   how it is generated, stored or maintained) or tangible things and shall include: (i)

16   trade secret information as defined by Cal. Civ. Code §3426.1[1]; (ii) marketing

17   material used by a Party to solicit clients; and (iii) information which, if disclosed

18   could constitute a violation of any third party's right of privacy or otherwise violates

19   an obligation of confidentiality owed to a third party.

20   <u>"CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or</u>

21   <u>Items</u>: information (regardless of how it is generated, stored or maintained) or

22   tangible things that constitute confidential business information and shall include: (i)

23   a Party's client's or customer's identity and location;   (ii) a Party's client or

24   customer invoices reflecting types of services purchased by a Party's client or

25   customer and the charges to the client or customer for such services; (iii) a Party's

---

[1] Cal. Civ. Code §3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

[PROPOSED] STIPULATED PROTECTIVE ORDER
LA1 212446v1 04/13/12

compilation information pertaining to the Party's clients' or customers' ordering trends, volume, and unique needs or requests; (iv) vendor charges to a Party for services provided by that Party to its clients and customers; (v) a Party's financial information including but not limited to accounts payable, accounts receivable, sales revenue, cost of sales, general and administrative costs, and profit and loss statements; and (vi) information concerning a Party's vendors and/or suppliers, including, without limitation, information concerning pricing offered by said vendor and/or supplier to the Party.

Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY."

Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which

1   has appeared on behalf of that party.

2         Party: any party to this action, including all of its officers, directors,

3   employees, consultants, retained experts, and Outside Counsel of Record (and their

4   support staffs).

5         Producing Party: a Party or Non-Party that produces Disclosure or

6   Discovery Material in this action.

7         Professional Vendors: persons or entities that provide litigation support

8   services (e.g., photocopying, videotaping, translating, preparing exhibits or

9   demonstrations, and organizing, storing, or retrieving data in any form or medium)

10   and their employees and subcontractors.

11         Protected Material: any Disclosure or Discovery Material that is

12   designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES

13   ONLY."

14         Receiving Party: a Party that receives Disclosure or Discovery Material

15   from a Producing Party.

16         3.   SCOPE

17         The protections conferred by this Stipulation and Order cover not only

18   Protected Material (as defined above), but also (1) any information copied or

19   extracted from Protected Material; (2) all copies, excerpts, summaries, or

20   compilations of Protected Material; and (3) any testimony, conversations, or

21   presentations by Parties or their Counsel that might reveal Protected Material.

22   However, the protections conferred by this Stipulation and Order do not cover the

23   following information: (a) any information that is in the public domain at the time of

24   disclosure to a Receiving Party or becomes part of the public domain after its

25   disclosure to a Receiving Party as a result of publication not involving a violation of

26   this Order, including becoming part of the public record through trial or otherwise;

27   and (b) any information known to the Receiving Party prior to the disclosure or

28   obtained by the Receiving Party after the disclosure from a source who obtained the

- 4 -

1   information lawfully and under no obligation of confidentiality to the Designating

2   Party. Any use of Protected Material at trial shall be governed by a separate

3   agreement or order.

4        4.   DURATION

5        Even after final disposition of this litigation, the confidentiality obligations

6   imposed by this Order shall remain in effect until a Designating Party agrees

7   otherwise in writing or a court order otherwise directs. Final disposition shall be

8   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

9   or without prejudice; and (2) final judgment herein after the completion and

10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

11  including the time limits for filing any motions or applications for extension of time

12  pursuant to applicable law.

13       5.   DESIGNATING PROTECTED MATERIAL

14            5.1   Exercise of Restraint and Care in Designating Material for

15  Protection.   Each Party or Non-Party that designates information or items for

16  protection under this Order must take care to limit any such designation to specific

17  material that qualifies under the appropriate standards. The Designating Party must

18  designate for protection only those parts of material, documents, items, or oral or

19  written communications that qualify — so that other portions of the material,

20  documents, items, or communications for which protection is not warranted are not

21  swept unjustifiably within the ambit of this Order.

22            Mass or indiscriminate designations are prohibited. Designations that

23  are shown to be clearly unjustified or that have been made for an improper purpose

24  (e.g., to unnecessarily encumber or retard the case development process or to impose

25  unnecessary expenses and burdens on other parties) expose the Designating Party to

26  sanctions.

27            If it comes to a Designating Party's attention that information or items

28  that it designated for protection do not qualify for protection, that Designating Party

- 5 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

1    must promptly notify all other Parties that it is withdrawing the mistaken

2    designation.

3            5.2    <u>Manner and Timing of Designations</u>. Except as otherwise

4    provided in this Order (see, e.g., second paragraph of section 5.3(a) below), or as

5    otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

6    protection under this Order must be clearly so designated before the material is

7    disclosed or produced.

8            5.3    <u>Designation</u>.  Designation in conformity with this Order requires:

9            (a)    <u>for information in documentary form</u> (e.g., paper or

10   electronic documents, but excluding transcripts of depositions or other pretrial or

11   trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL –

12   ATTORNEY EYES ONLY" to each page that contains protected material. If only a

13   portion or portions of the material on a page qualifies for protection, the Producing

14   Party also must clearly identify the protected portion(s) (e.g., by making appropriate

15   markings in the margins).

16           A Party or Non-Party that makes original documents or materials

17   available for inspection need not designate them for protection until after the

18   inspecting Party has indicated which material it would like copied and produced.

19   During the inspection and before the designation, all of the material made available

20   for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL –

21   ATTORNEY EYES ONLY." After the inspecting Party has identified the

22   documents it wants copied and produced, the Producing Party must determine which

23   documents, or portions thereof, qualify for protection under this Order. Then, before

24   producing the specified documents, the Producing Party must affix the

25   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" legend to

26   each page that contains Protected Material. If only a portion or portions of the

27   material on a page qualifies for protection, the Producing Party also must clearly

28   identify the protected portion(s) (e.g., by making appropriate markings in the

margins).

(b)  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4  <u>Redaction of Portions of Protected Material</u>.  A Producing Party, may, in good faith, redact such portions of Protected Material that it deems: (i) protected by the attorney-client privilege; (ii) to be attorney work-product; or (iii) containing information that is irrelevant to this matter.  The parties agree, however, that neither customer names nor dollar amounts will e redacted from invoices or contracts under this provision.  For all portions of redacted Protected Material, the Producing Party shall make it clear that material has been redacted and include a brief comment explaining the basis of any redaction.  Wherever possible, this explanation shall be affixed close to the portion of redacted Protected Material.

5.5  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

///

///

[PROPOSED] STIPULATED PROTECTIVE ORDER
LA1 212446v1 04/13/12

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS OR
REDACTIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality or redaction at any time. Unless a prompt challenge to a Designating Party's confidentiality designation or redaction is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation or redaction by electing not to mount a challenge promptly after the original designation or redaction is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation or redaction it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality or redaction is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation or redaction was not proper and must give the Designating Party an opportunity to review the designated or redacted material, to reconsider the circumstances, and, if no change in designation or redaction is offered, to explain the basis for the chosen designation or redaction. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation or redaction if there is good cause for doing so, including

- 8 -

a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have

[PROPOSED] STIPULATED PROTECTIVE ORDER
LA1 212446v1 04/13/12

signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, may disclose any information or item designated Protected Material designated "CONFIDENTIAL – ATTORNEYS EYES ONLY"

only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)   the court and its personnel;

(c)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8.   THE AUTHOR OR RECIPIENT OF A DOCUMENT CONTAINING THE INFORMATION OR A CUSTODIAN OR OTHER PERSON WHO OTHERWISE POSSESSED OR KNEW THE INFORMATION.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" "CONFIDENTIAL," that Party must:

///

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to confidential information produced by a Non-Party in this action. Such information produced by Non- Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

[PROPOSED] STIPULATED PROTECTIVE ORDER
LA1 212446v1 04/13/12

1           1.     promptly notify in writing the Requesting Party and the

2 Non-Party that some or all of the information requested is subject to a confidentiality

3 agreement with a Non- Party;

4           2.     promptly provide the Non-Party with a copy of the

5 Stipulated Protective Order in this litigation, the relevant discovery request(s), and a

6 reasonably specific description of the information requested; and

7           3.     make the information requested available for inspection by

8 the Non-Party.

9         (c)     If the Non-Party fails to object or seek a protective order from

10 this court within 14 days of receiving the notice and accompanying information, the

11 Receiving Party may produce the Non-Party's confidential information responsive to

12 the discovery request. If the Non-Party timely seeks a protective order, the Receiving

13 Party shall not produce any information in its possession or control that is subject to

14 the confidentiality agreement with the Non-Party before a determination by the

15 court.[2]  Absent a court order to the contrary, the Non-Party shall bear the burden and

16 expense of seeking protection in this court of its Protected Material.

17       10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

18         If a Receiving Party learns that, by inadvertence or otherwise, it has

19 disclosed Protected Material to any person or in any circumstance not authorized

20 under this Stipulated Protective Order, the Receiving Party must immediately (a)

21 notify in writing the Designating Party of the unauthorized disclosures, (b) use its

22 best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

23 the person or persons to whom unauthorized disclosures were made of all the terms

24 of this Order, and (d) request such person or persons to execute the

25 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

26 A.

27

28

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[PROPOSED] STIPULATED PROTECTIVE ORDER

LA1 212446v1 04/13/12

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR</u>
<u>OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

<u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

<u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

<u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that files papers referring to or relying on Protected Material shall file the Protected Material under Seal.  Any such papers that refer to or rely on protected Material shall designate the particular aspects that are confidential to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose.

[PROPOSED] STIPULATED PROTECTIVE ORDER
LA1 212446v1 04/13/12

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4.

///
///
///
///
///
///
///
///
///
///

LA1 212446v1 04/13/12

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED: 5/3/2012_____                SPECIALE & BURTON, A.P.C.

4                                       ____/s/_____
                                        Steven E. Burton
5                                       Attorneys for Plaintiff/Counterdefendant
                                        Bretta Pollara;
6                                       Counterdefendant Daniel Reffner; and
7                                       Counterdefendant Santini Productions

8

9   DATED: 5/3/2012_____                FOX ROTHSCHILD LLP

10                                      ____/s/_____
11                                      David F. Faustman
                                        Yesenia M. Gallegos
12                                      Attorneys for Defendant/Counterclaimant
                                        Radiant Logistics, Inc.
13

14

15  DATED: 5/3/2012_____               POSTERNAK, BLANKSTEIN AND
16                                      LUND LLP

17                                      ____/s/_____
18                                      Richard Bickelman
                                        Attorneys for Counterdefendants
19                                      Oceanair, Inc.

20

21

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23  Dated:     May 4, 2012              _John_E._McDermott_____
24                                      JOHN E. MCDERMOTT
                                        United States Magistrate Judge
25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

LA1 212446v1 04/13/12

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of Pollara v. Radiant Logistics, Inc., Case No. CV12344 GAF (JEM). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____
                              [printed name]
Signature: _____
                   [signature]

[PROPOSED] STIPULATED PROTECTIVE ORDER

LA1 212446v1 04/13/12