**LINKS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

**NOTICE TO COUNSEL RE: VOIR DIRE**

    Attached hereto is a copy of the written questions that will be provided to the prospective jurors in this case. After the jurors provide the Court with basic background information regarding such items as their area of residence, marital and educational status, employment status and the like, the Court will question the jurors based on these written questions. The questions have been developed from prior jury questionnaires and on the proposed voir dire submitted by the parties.

    **IT IS SO ORDERED.**

# Juror Information Sheet and Questionnaire
# Courtroom 740
# United States District Judge Gary Allen Feess

You have been selected as a potential juror in a civil case to be tried before the Hon. Gary Allen Feess, United States District Judge, in Courtroom 740, of the Roybal Federal Building.  After the first day of trial, Judge Feess conducts trial proceedings from 8:30 a.m. to approximately 2:45 p.m. with two breaks but no full lunch break.  The objective is to allow the jurors to be out of the courthouse in time to avoid rush hour traffic and conduct at least some of their personal business.

The Court recognizes that jury service is often inconvenient to those who are asked to participate; the Court is well aware that you are all "draftees" and not volunteers.  However, jury service is a responsibility of citizenship, and inconvenience to the prospective juror, or to his or her employer, is not grounds for requesting to be excused from service.  A juror may be excused from jury service **only upon a showing of specific facts which constitute an undue hardship for the juror**, and not the juror's employer.

Undue hardship includes the following:

1. The prospective juror's services are immediately needed to protect public health or safety and alternative arrangements are not available;

2. The prospective juror has a personal obligation to care for sick, aged, or infirm dependents, or to care for children where no comparable substitute care is either available or practical without imposing an undue financial hardship on the prospective juror or person cared for.

3. The prospective juror has a physical or mental disability or impairment — not affecting the person's ability to serve on a jury —

        but that would expose the juror to undue risk of mental or physical harm.

4.     The prospective juror's service would create a situation that would expose the juror to undue risk of destruction of the juror's property.

5.     Participation in the trial would expose the prospective juror to extreme financial burden taking into account the following factors: the length of the trial; whether the prospective juror is the sole support for his or her family; availability of employer reimbursement from the employer.

    Please keep in mind that jury service is not only a duty or responsibility but is also a right that our forebears fought to secure because of its importance in the governing of a democratic society. As a society, we have given to the People the power to decide disputes between their fellow citizens in civil cases, and the power to make the ultimate determination of whether or not to deprive a fellow citizen of life, liberty or property in criminal cases. Jury service is a duty that is not to be shirked and a right that should not lightly be relinquished.

    For these reasons, the Court's presumption is that everyone who is called should serve, and that only upon the most compelling excuse will the Court grant a request to be excused from jury service.

    For its part, the Court pledges to do its very best to insure that the trial proceeds expeditiously and that your time is put to good use. To minimize trial disruptions and conserve jury time, the Court has issued detailed guidelines to counsel concerning the procedures to be followed in conducting trials in this court. However, even with all of that, trials contain an element of the unpredictable which may result in disruptions of the proceedings from time to time. Please keep in

mind that the Court is ever mindful of your presence and the inconvenience connected with jury service, and will do everything in its power to keep these disruptions to a minimum.  Likewise, in any situation where the Court must choose between two courses of action, one of which will inconvenience counsel and the other of which will inconvenience the jury, the Court will choose the course that will create the least inconvenience for the jury.

Thank you for your cheerful participation in this endeavor.  **Please proceed to the next section of this document which contains questions that you will be expected to answer during the process of jury selection in this case.**

## Juror Questions — Civil Case

<u>To All Prospective Jurors</u>: **Please read the following questions carefully to determine whether you would answer "Yes" to any of them.**  If you are questioned during the process of jury selection, the District Judge will ask you to identify any questions to which you would answer "Yes," and will follow up to determine the factual basis for your affirmative response.  Please keep in mind that, in responding to these and all other questions during jury selection, you are under oath and are subject to penalties for perjury.

1. Have you ever been a plaintiff, defendant or a witness in connection with a civil lawsuit *of the type pending before this Court?*

2. Has any member of your immediate family, or any close personal friend, ever been a plaintiff, defendant, or witness in connection with a lawsuit *of the type pending before this court?*

3. Are you, or is any member of your immediate family, or any close personal friend, presently involved in a lawsuit of any kind?

4. Have you or any member of your immediate family or any close personal friend ever had any dealings with any of the parties to this lawsuit?  The parties to this lawsuit are: Radiant Logistics, Inc.; DBA Distribution Services, Inc.; Bretta Santini Pollara; Santini Productions; and Oceanair, Inc.

5. Have you, or any member of your immediate family, or any close personal friend, ever:

    Done business with any of the companies involved in this case?

    Owned stock in any of the companies involved in this case?

    Been an officer, director, or employee of any of the companies involved in this case?

> Been involved in any dispute with any of the companies involved in this case?

6. Have you or any member of your immediate family, or any close personal friend, ever done business as a corporation?

7. Do you know of any reason why you could not give a corporation a fair and impartial trial just as you would an individual party?

8. Would the fact that some of the corporations involved in this case are located in other states in any way affect your ability to render a fair and impartial verdict?

9. Have you ever received any legal training of any sort?

10. Have any members of your immediate family, or any close personal friend, ever received any legal training of any sort?

11. Have you, or any members of your immediate family, or any close personal friend, ever worked in the court system in any capacity?

12. Have you ever been self-employed?

13. Have you, or any members of your family, or any close personal friend worked in television or film production?

14. Have you, or any members of your family, or any close personal friend, ever worked in the freight, cargo or shipping industry?

15. Have you, or any members of your immediate family, or any close personal friend, ever worked in the freight forwarding industry?

16. Have you ever had a written employment agreement with an employer and, if so, did the agreement include a term regarding your obligations with respect to information your employer regarded as confidential?

17. Have you ever worked for an employer in a capacity where you were

    entrusted with information that you understood to be a trade secret?

18. Have you ever bought or sold a business?

19. **It is the duty of the court to instruct the jury on the law that applies to this case, and it is the duty of the jurors to follow those instructions whether or not they agree with them, or approve or disapprove of them. You may not substitute your own idea of what you think the law ought to be.**

    Will you have any difficulty in following my instructions and applying the law to this case without any reservation, whether you approve or disapprove of the legal principles stated in those instructions?

20. Do you know of any reason at all as to why you cannot be a completely fair and impartial juror in this case?