LINKS:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      (In Chambers)

## ORDER RE: MOTION TO QUASH RULE 45 SUBPOENAS

### I. INTRODUCTION

The parties have presented the Court with a number of last-minute issues for resolution before next Tuesday's trial. This order addresses a motion to quash the trial subpoenas issued by Oceanair, Inc. directed to the Custodian of Records of Radiant Logistics, Inc. for commission statements of Ryan Moorman from January 2012 to the present, and to the Custodian of Records of Fox, Rothschild for the original transcript of the October 3, 2012, deposition of Bohn Crain from the arbitration proceedings between Paul Pollara and Radiant Logistics.

### II. DISCUSSION

Radiant and DBA contend that the trial subpoenas seeking the production of documents at the time of trial is an attempt to do an end run around the Court's discovery cut-off. Accordingly, they contend that the subpoenas should be quashed. Oceanair contends that the Court should recognize the distinction between a discovery subpoena and a trial subpoena and deny the motion.

Oceanair fails to explain why these records, which, except for the most recent Moorman commission statements, have been available in some cases for two years, were not sought in discovery particularly since it now contends that the documents are essential to its case. Instead, it contends that the expiration of the discovery period is "irrelevant." Indeed, Oceanair asserts

LINKS:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

that a party is under no obligation to conduct discovery to obtain records. This would surely come as a surprise to most contemporary district judges.

Once upon a time cases were tried without discovery, but the Federal Rules of Civil Procedure changed all of that. Those rules have been continually amended, modified, and modernized to give district judges broad powers to manage civil cases to promote the orderly investigation or claims and defenses and the efficient and expeditious conclusion of trial. Among the most important of the Court's powers is the authority over the conduct of discovery. The case management rules impose no obligation on the Court to allow the parties to seek documents up through the start of trial. On the contrary, Rule 16(b)(3)(A) expressly provides that the scheduling order "must limit the time to . . . complete discovery." Here the Court issued a scheduling order which contained an express deadline for the completion of discovery.

The Court in Marvin Lumber & Cedar Co. v. PPG Indus. Inc., 177 F.R.D. 443, 445 (D. Minn. 1997), a case in which Rule 45 subpoenas were served with return dates after the discovery cut-off, addressed this very issue. There the Court concluded that such subpoenas constituted discovery within the meaning of the rules and that a motion to quash filed by a party was a proper exercise of case management. Further, the Court concluded that the Rule 45 subpoena was subject to the discovery deadline and that it should be quashed. The Court concluded:

> Moreover, to allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline, unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for trial . . . [we] can find no plausible reason to exempt Rule 45 discovery from the time constraints that are applicable to all of the discovery methods recognized by the Federal Rules of Civil Procedure.

Id. at 445. Many other cases have reached the same conclusion. E.g., Meade v. City of Dermott, 2013 WL 5890346, *2 (E.D.Ark. Nov 01, 2013); Crayton v. Rochester Medical Corp., 2010 WL 1241014, *1 (E.D.Cal. Mar 26, 2010).

## LINKS:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

    The parties in this case had ample opportunity to conduct discovery. That some materials may not have been acquired is no basis for re-opening discovery at this stage of the proceedings. The motion to quash is **GRANTED.**

    **IT IS SO ORDERED.**