**LINKS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

### ORDER RE: FUTURE DAMAGES AND ROYALTIES

### I.
### INTRODUCTION

The parties have, at this late date, presented the Court with an issue regarding the damages sought by Radiant Logistics and DBA Distribution in this case. The parties advised the Court at the pre-trial conference that Radiant and DBA would be seeking only to recover on an unjust enrichment theory, and submitted jury instructions to that effect. However, Oceanair advises that Radiant and DBA supplemented an interrogatory response on April 10, 2014, to assert that they will seek at trial future damages and a royalty payment. Oceanair moves to preclude them from making any such claim. Radiant and DBA contend that the discovery response has been misconstrued and that Oceanair has known for more than a year that "future damages" have been included in the damage claim. They point to a number of discovery responses that refer to "future profits," and a response that indicates that "Plaintiffs will also seek a 'royalty' for three years future profits." They therefore contend that the motion is not well taken.

For the reasons discussed briefly below, the motion is **GRANTED IN PART AND DENIED IN PART.**

**LINKS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

## II.
## DISCUSSION

The issue before the Court is governed by the California Uniform Trade Secret Act ("CUTSA"), which describes the kinds of recovery available for misappropriation of trade secrets. The CUTSA, § 3426.3(a) provides that:

> A complainant may recover damages for the actual loss caused by misappropriation. A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss.

Section 3426.3 goes on to state that, if neither damages nor unjust enrichment is provable, the court *may* order the payment of a royalty. California courts have held that the statutory language means what it says – that a royalty is only considered by the Court if one of the other forms of recovery is unprovable. See Caique, Inc. v. Robert Reiser & Co., 169 F.3d 619, 623 (9th Cir. 1999) citing Morlife v. Perry, 66 Cal.Rptr.2d 731, 740 (App. Ct. 1997). Moreover, even in those cases where unjust enrichment or damages are not provable, the Court is not obligated to award a royalty. Atlantic Inertial Systems, Inc. v. Condor Pacific Industries of California, Inc., 545 Fed.Appx. 600, 602 (9th Cir. 2013) citing Ajaxo Inc. v. E*Trade Financial Corp., 115 Cal.Rptr.3d 168, 183 (App. Ct. 2010). Further, if the Court were asked to award a royalty, it would require evidence in the form of expert testimony to value a proper royalty rate for the alleged trade secrets in this case. There will be no such testimony in the trial of this action.

## III.
## ORDER

Accordingly, based on the evidentiary record presented by the parties, the Court concludes as follows:

> (1) Radiant and DBA may seek recovery for past unjust enrichment and any future unjust enrichment they can prove is reasonably likely to result from the purported misappropriation of trade secrets;
>
> (2) Radiant and DBA may not seek recovery for their lost future profits; they have abandoned all claims for damages based on their own losses and may not seek such recovery either for past or future losses;

**LINKS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

(3) Radiant and DBA may not recover a royalty for the alleged misappropriation of trade secrets.

**IT IS SO ORDERED.**