LINK: 261, 282

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.;  Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

### ORDER RE: MOTION TO QUASH SUBPOENA TO PAUL POLLARA AND MOTIONS RE: PAUL POLLARA DEPOSITION

Radiant Logistics, Inc., and DBA Distribution Services, Inc. (collectively, "Counterclaimants"), have issued a trial subpoena to Paul Pollara ("Paul"). Paul argues that the subpoena should be quashed because he anticipates that his testimony would be contrary to the interest of his wife, who is a counter-defendant in this case.[1] Paul contends that such testimony would run afoul of the spousal testimonial privilege and therefore moves to quash the subpoena.

In response, Counterclaimants assert that Section 973 of the Evidence Code provides a relevant exception to the general rule. This Section provides that there is no spousal privilege "in a civil proceeding brought or defended by a married person for the immediate benefit of his spouse or of himself and his spouse." Cal. Evid. Code § 973(b). Counter-claimants maintain that any victory by the counter-defendant would inure to the community property shared between Paul and his wife, and the action is at least in part "defended . . . for [Paul's] immediate benefit." Id.

"In an action defended for the 'immediate benefit' of a spouse, 'the liability must be immediate and direct' for the waiver to apply." Diepenbrock v. Brown, 208 Cal. App. 4th 743, 748 (2012) (citing Waters v. Superior Court, 58 Cal.2d 885, 897 (1962).) But "there is

---

[1] Two provisions of the code are applicable. Section 970 declares that "a married person has a privilege not to testify against his spouse in any proceeding." Cal. Evid. Code § 970. And Section 971 extends this protection, such that a "married person whose spouse is a party to a proceeding has a privilege not to be called as a witness by an adverse party to that proceeding." Id. § 971

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

conflicting authority on how this 'immediate benefit' test should be applied." Cal. Prac. Guide Civ. Trials & Ev. Ch. 8E-A, The Rutter Group, ¶ 8:2342.

Under one view, the "immediate benefit" condition may be met "where the spouses' community property is at risk in a lawsuit brought against a married person." Id. ¶ 8:2343. This is the broad view taken in Hand v. Superior Court, wherein a husband brought a personal injury suit, and the court found that his wife's interest in any community property recovery qualified as an "immediate benefit." 134 Cal. App. 3d 436, 442 (1982).

The opposing view creates a much higher threshold for the term "immediate benefit." Under this view, "waiver is triggered only if the married person would obtain a benefit from his or her spouse's litigation because of a right which the married person holds directly and not simply because of a potential community property interest . . . ." Cal. Prac. Guide Civ. Trials & Ev. ¶ 8:2345 (emphasis added). Such is the position taken by Duggan v. Superior Court, in which a wife was found not to have an "immediate benefit" in her husband's action for ownership in real property, even though it would have inured to their community property. 127 Cal. App. 3d 267, 272 (1981).

The conflict between these two positions was recognized by California courts as recently as 2012, and no reconciliation between them has yet been made. Diepenbrock, 208 Cal. App. 4th at 749; see also Zenith Ins. Co. v. W.C.A.B. (Mota), 2012 WL 593402, at *2 (Cal. Ct. App. Feb. 2, 2012) (indicating that a petition to take the deposition of a claimant's wife was properly denied, even though the claim implicated community property interests).

Taking into account: (1) the purpose of the exception Section 973(b), which is designed to "preclude married persons from taking unfair advantage of their marital status to escape their duty to give testimony under § 776; " and (2) the relationship of Paul and Bretta Pollara with respect to the subject matter of this action; and (3) further noting that Paul has testified at length on relevant topics in an arbitration proceeding brought by the counter-claimants arising out of events pertinent to this dispute, the Court finds Hand's reasoning more persuasive in this instance. The marital privilege was not intended to be used in bad faith—such as by naming "only one spouse as a party in order to allow the other spouse to use the privilege." Jennifer M. Grange, Defining Immediate Benefit Under California Evidence Code Section 973(b) in Light of Current California Community Property Laws, 29 U.C. Davis L. Rev. 1243, 1266 n.37 (1996) (citing Credit Bureau of San Diego v. Smallen, 114 Cal. App. 2d Supp. 834, 840 (1952) (holding that husband waived marital communication privilege when he sued for performance of contract between husband, wife, and defendant, but failed to name wife as party)). Allowing Paul to

**LINK: 261, 282**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

quash the subpoena—even though he allegedly played a substantial role in the complained-of actions—would violate the spirit of the marital privilege.  It would allow him to avoid testifying about his own actions and conduct, even though they had a direct impact on Counterclaimants, simply because his wife is the named Party.  This was not the legislature's intent in enacting Section 973, and the motion to quash must therefore be **DENIED**.

Because the Court is permitting Paul to be called as a witness at trial, the parties' motions with respect to his deposition transcript are moot.  The Court reiterates its prior ruling: the transcript may be used for impeachment purposes but for no other.  Accordingly, any motion to admit the deposition of Paul Pollara is **DENIED AS MOOT**.

**IT IS SO ORDERED.**