LINK: 277

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER RE: EXHIBIT 322

The Court has already indicated that this document is potentially admissible if a proper foundation can be laid. The parties dispute whether that can be done and have presented arguments on this issue.

Having reviewed the transcript of Bretta Pollara's deposition of February 27, 2013, the objection to the exhibit borders on the frivolous. Pollara testified that she contacted Tracy Shepherd, a DBA employee, to advise that "the customer list you sent me, ends at The [sic] letter 'S.'" Pollara asked for the remainder of the list. The email chain and Pollara's deposition testimony indicate that she eventually received the document that is now marked Exhibit 322, which she testified was used to prepare her Christmas cards. She gave the following additional testimony:

> Q: [D]o you recall if this was what you received faxed to you from Tracy Shepherd?
> A: Yes, this looks familiar.
> [Colloquy]
> Q: Do you recognize that these were your customers from DBA?
> A: Yes.

That is sufficient to authenticate the document pursuant to FRE Rules 104 and 901. See, e.g., United States v. Coohey, 11 F.3d 97, 99-100 (8th Cir. 1993) ("the proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent assets it to be").

LINK: 277

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-344 GAF (JEMx) | Date | April 18, 2014 |
|---|---|---|---|
| Title | Bretta Pollara v. Radiant Logistics, Inc.; Radiant Logistics, et al. v. Bretta Pollara, et al. | | |

See also United States v. Goichman, 547 F.2d 778, 784 (3d Cir. 1976). In Goichman the court stated the following regarding authenticity:

> What appellant overlooks is that the showing of authenticity is not on a par with more technical evidentiary rules, such as hearsay exceptions, governing admissibility. Rather, there need be only a prima facie showing, to the court, of authenticity, not a full argument on admissibility. Once a prima facie case is made, the evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the evidence, not the court. The only requirement is that there has been substantial evidence from which they could infer that the document was authentic . . . .

Accord United States v. Turner, 718 F.3d 226, 232 (3d Cir. 2013) (admitting foreign bank records). The evidence and testimony cited above establishes that such a showing has been made here.

No doubt Pollara further testified that, "this would be a customer list of anything that was in the database since day one. It could be 20 years old." But in so saying she is not stating that the document is 20 years old. Rather, she is stating that it may include information that is 20 years old. The evidence from Pollara herself establishes that it is a customer list, it is a list of DBA, and that it may contain the entire historical record of DBA's clients going back 20 years. It will be for the jury to determine what is to be made of the list.

The exhibit will be admitted.

**IT IS SO ORDERED.**